OPINION
Michael D. Beasley is appealing from his conviction in the County Court of Montgomery County, Ohio, Area Two, of one count of domestic violence, a violation of R.C. 2919.25, a misdemeanor of the first degree, and Beasley was sentenced to 180 days in jail with credit for one day served and 179 days suspended on condition that he serve six months on probation. The trial court also imposed a fine of $100 and court costs on Beasley. He appealed his conviction on April 22, 1999., Appellant contends in a single assignment of error that:
 "THE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION, BY EXCLUDING APPELLANT'S WITNESSES AT TRIAL, THUS VIOLATING HIS RIGHTS UNDER THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 1, SEC. 10 OF THE OHIO CONSTITUTION, TO CALL WITNESSES ON HIS BEHALF."
The complaint against appellant was filed in the Second District Court on November 5, 1998 and he was arrested on November 16, 1998. Beasley entered a plea of not guilty on November 25, 1998. On December 11, 1998 the court set a trial date of December 29, 1998. A waiver of statutory time for trial was filed by Beasley on December 29, 1998 and the case ultimately proceeded to a bench trial on March 30, 1999. Testimony was submitted to the court on behalf of the State and the appellant. The court then found the appellant guilty of domestic violence. Sentence was imposed on April 13, 1999.
It is undisputed that on the morning of trial appellant's attorney indicated that she might call two witnesses in addition to appellant. After appellant's Crim.R. 29 motion to dismiss was overruled at the conclusion of the State's case, appellant stated that it was appellant's intention to call his parents to testify and he attempted to call Ron Fultz, his stepfather, as a witness. The prosecutor objected on the basis that she had requested discovery and the defense never provided these names as possible witnesses. The court ruled that it would "deny defense the opportunity to have these witnesses testify based upon the fact that they were not revealed to the prosecution in pretrial discovery." (Tr. at 48). The defense then proceeded with appellant as the only witness and made no proffer as to the nature of the testimony that would have been presented by the excluded witnesses.
Although appellant's sole assignment of error alleges that the trial court "abused its discretion," the assignment of error presents an evidentiary issue that is governed by Evidence R. 103(A), which provides that:
 Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . . .
 (2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. Offer of proof is not necessary if evidence is excluded during cross-examination.
The record clearly shows that the evidence in question was not excluded during cross-examination. In State v. Gilmore
(1986), 28 Ohio St.3d 190, the Ohio Supreme Court applied the rule in stating that a party may not predicate error on the exclusion of evidence unless two conditions are met: "(1) the exclusion of such evidence must affect a substantial right of the party, and (2) the substance of the excluded evidence was made known to the court by proffer or was apparent from the context within which questions were asked." Id., at syllabus.
In this case before the court on review, the substance of the excluded evidence was not the subject of a proffer, nor was it apparent from the context within which questions were asked. Therefore, the trial court did not have sufficient information before it to make a final determination as to admissibility and to preserve any objection on the record for purposes of appeal., Appellant's failure to disclose these witnesses in a timely manner was not the result of a last minute discovery of witnesses; instead, they were appellant's mother and stepfather. Additionally, these individuals were not present during the altercation and the trial court did have substantial evidence before it to support appellant's conviction., Appellant's only assignment of error is overruled. The judgment of the trial court is Affirmed.
BROGAN, J. and YOUNG, J., concur.
(HON. GEORGE M. GLASSER, Retired from the Court of Appeals, Sixth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).